# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NEAL EVERETT NICARRY,**

     **Plaintiff,**

**-vs-**                  **Case No.:  6:03-cv-87-Orl-28DAB**

**MICHAEL CANNADAY, DONALD ESLINGER, LAWRENCE PIERRE SMITH, DEPARTMENT OF HIGHWAY AND MOTOR SAFETY**

     **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES' MOTION FOR SANCTIONS (Doc. No. 63)**
>
> **FILED:** **August 23, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  Plaintiff filed suit against State Trooper Lawrence Pierre Smith and Orange County Sheriff's Deputy Michael Cannaday, Orange County Sheriff Donald Eslinger, and the State of Florida Department of Highway Safety and Motor Vehicles (the "Department")[1] for claims arising out of a

---

[1] Although Plaintiff in his complaint cites his claim as against "The Department of Highway Safety and Motor Vehicles of the State of Florida," this is the incorrect name of the agency as pointed out by the Department and unchallenged by the Plaintiff.

police chase and alleged wrongful shooting of Plaintiff. The Department now brings this motion for sanctions against Plaintiff for filing a frivolous claim against the Department and, in effect, against Trooper Smith in his official capacity. The Department contends that as an agency of the State of Florida it is immune from any suit requesting monetary damages under the Eleventh Amendment; it is also not a "person," precluding recovery under 42 U.S.C. § 1983. Plaintiff responds that his claims against the Department were not "frivolous" and should not be dismissed.

For the reasons set forth below, it is respectfully **RECOMMENDED** that the Department's Motion for Sanctions be **GRANTED** and the claims against the Department and Trooper Smith in his official capacity (not individual capacity) be **DISMISSED**.

### *I. FACTUAL BACKGROUND[2]*

On November 20, 1998, Plaintiff was driving a 1988 Chevrolet van in the Altamonte Springs, Florida area. Doc. 2 at ¶ 9. Deputy Cannaday of the Seminole County Sheriff's Office was on patrol in the area and observed the Plaintiff driving his van near Oak Street and Jackson. Doc. 2 at ¶ 10. After observing Plaintiff drive by, Deputy Cannaday made a u-turn and attempted to pull the Plaintiff over. Doc. 2 at ¶ 11. Plaintiff failed to comply by pulling his vehicle over and continued driving several miles, with Deputy Cannaday following him. Doc. 2 at ¶ 12. Plaintiff eventually abandoned his vehicle and proceeded on foot in an attempt to elude the deputy on foot. Doc. 2 at ¶ 13. By this time, other Seminole County Sheriff's deputies had joined in the pursuit, along with several Florida Highway Patrol troopers. Doc. 2 at ¶ 13.

---

[2]The facts set forth are read in the light most favorable to the Plaintiff, as they must be on this motion for sanctions, which is in essence a motion to dismiss the claims against the Department. *See Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998) (in ruling on a motion to dismiss the court is required to view the complaint in the light most favorable to the non-moving party).

After abandoning his vehicle, Defendant hid in a shed at the rear of 111 Pine Street in Altamonte Springs. Doc. 2 ¶ 14. Trooper Smith, one of the Florida Highway Patrol troopers who had joined in the pursuit, opened the shed door and ordered the Plaintiff to surrender. Doc. 2 at ¶¶ 14-15. Joined by Deputy Cannaday at his position and three other officers in the rear of the shed, Trooper Smith again ordered the Plaintiff to come out of the shed. Doc. 2 at ¶ 16. Plaintiff attempted to escape by running out of the shed toward a fence at the edge of the yard. Doc. 2 at ¶ 17. Deputy Cannaday and Trooper Smith opened fire, shooting six rounds, three of which hit the Plaintiff in the back. Doc. 2 at ¶ 18. As a result of the wounds he received, Plaintiff was airlifted to Orlando Regional Medical Center for surgery and ultimately spent seven days recuperating. Doc. 2 at ¶ 19.

## *II. SOVEREIGN IMMUNITY*

The Department seeks sanctions against Plaintiff for filing claims against the Department directly and, in effect, against Trooper Smith in his official capacity, arguing that these claims are truly claims against the State of Florida, which is immune from any suit requesting monetary damages under the Eleventh Amendment; state agencies are also not "persons," precluding recovery under 42 U.S.C. § 1983. For the reasons set forth below, it is recommended that the Department's Motion for Sanctions be **GRANTED**.

"The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). The Eleventh Amendment "prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir.1990) (citing *Welch v. State Dept. of Highways and Public Transportation*, 483 U.S. 468, 472 (1985)). The states' Eleventh Amendment

immunity extends to agents and instrumentalities acting as an "arm of the state," and "applies even when a state is not named as a party of record, if for all practical purposes the action is against the state."[3] *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003); *Schopler*, 903 F.2d at 1378; *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The Eleventh Amendment thus "insulates states from private parties seeking to impose a liability in federal court which must be paid from public funds in the state treasury." *Hufford v. Rodgers*, 912 F.2d 1338, 1341 (11th Cir. 1990) (internal citation omitted).[4] Claims under federal statutes such as 42 U.S.C. § 1983 are barred by the Eleventh Amendment. *See Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005) (immunity includes federal suits involving claims based on state law).

Plaintiff is also suing Trooper Smith in his official capacity. *See* Doc. 2 at ¶¶ 24, 30. To this extent however, state troopers sued in their official capacities are legally the same entities as the offices they represent – *i.e.,* the State of Florida and the defendant state agencies. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989) (suits against state officials in their official capacities are not suits against the officials but rather are suits against the officials' offices and are no different from suits against the State). To the extent Plaintiff sues Trooper Smith in his *individual* capacity, those claims are not afforded Eleventh Amendment protection. See *Hafer v. Melo*, 502 U.S. 21, 27, 31 (1991); *Andrews v. Daw,* 201 F.3d 521, 525 (4th Cir. 2000) (suit against trooper in official capacity was really against the state, but suit against trooper in individual capacity is a separate claim not barred by the Eleventh Amendment). However, Trooper Smith will be entitled to assert qualified

---

[3] Plaintiff does not dispute that the Department is an agency of the State of Florida.

[4] "The Eleventh Amendment deals only with federal jurisdiction to hear suits against the state, not with the state's immunity from suit in any forum." *Hufford*, 912 F.2d at 1341 (internal citations omitted). Thus, a defendant's assertion of Eleventh Amendment immunity "essentially challenges a court's subject matter jurisdiction." *Seaborn v. State of Fla., Dept. of Corrections*, 143 F.3d 1405, 1407 (11th Cir.1998).

immunity as an affirmative defense to the claims against him in his individual capacity. *See* Doc. No. 84.

Courts have recognized three exceptions to Eleventh Amendment immunity: (1) where a state has expressly waived its immunity; (2) where Congress has abrogated the immunity pursuant to § 5 of the Fourteenth Amendment; and (3) where prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action. *Carr v. City of Florence,* 916 F.2d 1521, 1524-25 & n. 2 (11th Cir. 1990) (citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-02 (1984)).

Plaintiff brings claims for the Department's violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983. The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509, 1511 (11th Cir. 1986); *Schopler v. Bliss,* 903 F.2d 1373, 1379 n. 4 (11th Cir. 1990). In a case directly on point from the Middle District of Florida, *National Railroad Passenger Corporation v. Rountree Transport and Rigging, Inc*., the court held that the Department was a state agency that receives the same Eleventh Amendment protection from suit in a federal court as the state itself. 896 F.Supp. 1204, 1206 (M.D. Fla. 1995); *Tague v. Florida Fish and Wildlife Conservation Commission,* 390 F.Supp.2d 1195, 1207 (M.D. Fla.) (holding there had been no express waiver of Florida agency's immunity), *aff'd*, 154 Fed.Appx. 129 (11th Cir. 2005). Where there is no express and unequivocal waiver of Eleventh Amendment immunity on behalf of the Department, it is immune from suit by citizens of the state. *Id.* at 1206-07. There has been no express waiver in this case, nor has Plaintiff pointed to any such waiver. *See* Doc. No. 72 at 4 (arguing that the Department has been tardy in raising its Eleventh Amendment immunity).

Accordingly, the Department and Trooper Smith in his official capacity are immune from liability on Plaintiff's claims against them; thus, **DISMISSAL** of those claims is appropriate.

### *III. RULE 11 SANCTIONS*

Under Federal Rule of Civil Procedure 11, an attorney who presents to the Court any paper, motion, or pleading certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that there is "evidentiary support" for any allegations or factual contentions. FED. R. CIV. P. 11(b)(3). Rule 11 also sets forth the proper procedure to be followed when attempting to initiate Rule 11 sanctions by motion. *See* Fed.R.Civ.P. 11(1)(A). First, a motion for Rule 11 sanctions must be filed separately from other motions or requests. *See id.* Second, the motion must "describe the specific conduct alleged to violate [Rule 11]." *Id*. Further, this motion must be served in accordance with Rule 5, but should not be presented to the court until after opposing counsel has been given a twenty-one day "safe harbor" period in which to correct or withdraw the offending document. *See id.; see also DeShiro v. Branch,* 183 F.R.D. 281 (M.D. Fla. 1998) (explaining in detail the "safe harbor" period). A document can be offending if there is no claim, defense, or other legal contention warranted by existing law or the document offers no nonfrivolous argument for the extension, modification, or reversal of the existing law or the establishment of new law. Fed. R. Civ. P. 11(b)(2).

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Inc.*, 49 F.3d 692, 694 (11th Cir. 1995). Imposition of sanctions on the attorney rather than, or in addition

to, the client is sometimes proper "since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel." *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992).

Courts have a wide variety of possible sanctions to impose for violations of Rule 11, including "striking the offending paper, issuing an admonition, reprimand, or censure, requiring participation in seminars or other education programs, ordering a fine payable to the court; [or] referring the matter to disciplinary authorities." Fed.R.Civ.P. 11, Advisory Committee Notes, 1993 Amendments. If imposed on motion and warranted for effective deterrence, an order directing payment of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation may be imposed. *See* Rule 11(c)(2).   Sanctions are warranted when the party exhibits a deliberate indifference to obvious facts, but they are not warranted when the party's evidence is merely weak but appears sufficient, after a reasonable inquiry to support a claim under existing law. *Footman v. Cheung*, 341 F.Supp.2d 1218, 1224 (M.D.Fla. 2004), *aff'd in pertinent part*, 139 Fed. Appx. 144 (11th Cir. 2005).

As fully explained above, it is well settled that a state is immune from any monetary liability under the Eleventh Amendment unless it meets one of the previously cited exceptions constituting waiver. Plaintiff did not point to any waiver for the Department, arguing instead that Plaintiff did not anticipate the Department's raising of the affirmative defense when he filed suit and the Department was tardy in raising its Eleventh Amendment immunity.[5]  *See* Doc. No. 72 at 4.

The Eleventh Amendment immunity for state agency's acts is not, as articulated by the Plaintiff, an affirmative defense which can be raised by the Department, but rather it is a condition

---

[5]This argument ignores the opportunity afforded under the "safe harbor" provision of Rule 11, pursuant to which a party may withdraw a baseless claim or pleading when put on notice by an opposing party.

precedent which must be established and satisfied before this court can hear this claim. It acts as a jurisdictional bar from allowing this court to hear the types of claims made by the Plaintiff, absent a waiver by the State of Florida.

While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue *sua sponte*, *Patsy v. Board of Regents*, 457 U.S. 496, 515 n.19 (1982), the Court has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar that can even be raised for the first time on appeal. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 677-78 (1974) (holding that Eleventh Amendment immunity may be raised for the first time on appeal); *Pennhurst*, 465 U.S. at 119 (finding that the Eleventh Amendment acts as an "explicit limitation of the judicial power of the United States" of "such compelling force that this Court will consider the issue arising under this Amendment in this case even though urged for the first time in this Court."); *see also Dagnall v. Geganheimer*, 631 F.2d 1195, 1196 (5th Cir. 1980) (holding that it is clear that the Eleventh Amendment rights of the state are sufficiently jurisdictional to be raised for the first time on appeal); *Hutchinson v. City of St. Petersburg,* 2006 WL 2789010 (M.D. Fla. 2006) ("[b]ecause the Eleventh Amendment represents a constitutional limitation on the federal judicial power . . . the 'Eleventh Amendment defense need not be raised in the trial court.'") (quoting *McClendon v. Georgia Dept. Of Community Health*, 261 F.3d 1252, 1257 (2001)).

Plaintiff also contends that the Department's Motion is untimely because it "waited three years" before filing its motion to dismiss and sanctions against the Plaintiff, however, this is misleading since a good portion of the delay in the case was a result of Plaintiff's motion to stay the proceedings pending resolution of the criminal proceedings against him. *See* Doc. Nos. 36, 39, 44.

Moreover, once Plaintiff's counsel was served with counsel for the Department's July 10, 2006 letter (Doc. No. 63-2), he was on notice of the frivolity of Plaintiff's claim against the

Department. Due diligence by Plaintiff's counsel in researching the cited cases would have revealed that the Florida Department of Highway Safety and Motor Vehicles was a state agency immune from the type of monetary recovery Plaintiff sought in his Complaint. Even aside from Plaintiff's counsel's responsibility to use due diligence or respond to the "safe harbor" letter, once counsel received the Department's Motion, counsel had a duty to address the waiver issue or withdraw the claims against the Department and Trooper Smith in his official capacity.

Plaintiff failed to do so, arguing instead merely that his claims were not "objectively frivolous" under then-existing law or a "plausible view" of the law. Doc. No. 72 at 3-4. Plaintiff's claims against the Department and Trooper Smith in his official capacity were clearly not warranted by then-existing law or even a plausible non-frivolous argument for modification of existing law, given the Supreme Court, Eleventh Circuit, and Middle District of Florida precedent on the state immunity issue since 1984, and directly on this specific Department's immunity since 1995. *See Pennhurst,* 465 U.S. at 100; *Gamble v. Florida Department of Health and Rehabilitative Services,* 779 F.2d 1509, 1511 (11th Cir. 1986); *National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.,* 896 F.Supp. 1204, 1206 (M.D. Fla. 1995). Thus this court finds that sanctions are appropriate.

Plaintiff argues in his response to the Motion for Sanctions that sanctions are inappropriate because the claims against the Department are not frivolous as (1) Plaintiff conducted a reasonable investigation as to who the employer of Trooper Smith was and it was this entity against whom suit was filed (Doc. 72, at ¶5); (2) even if it the suit was wrongly filed, sovereign immunity under the Eleventh Amendment is an affirmative defense which the Plaintiff was unaware that the Department would raise (Doc. No. 72 at ¶6); and (3) over three years have passed since the filing of the suit, thus

making the motion for sanctions inappropriate (Doc. No. 72 at ¶8). The Court addresses each of these arguments in turn.

Rule 11 imposes an affirmative duty on counsel to make reasonable inquiry into the viability of a pleading before it is signed. Counsel's signature is an affirmation that reasonable inquiry was in fact made and whether an attorney has complied with the requirements of Rule 11 is determined, not by the apparent absence or presence of subjective good faith on the part of the attorney, but rather by the objective reasonableness of the attorney's action. Sanctions will therefore be imposed where the court finds that, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *Johnson v. Veterans Administration*, 107 F.R.D. 626, 628 (N.D. Miss.1985).

The affirmative duty imposed by the rule requires some prefiling inquiry into both the facts and the law of the contemplated litigation. FED.R.CIV.P. 11, advisory committee note. The reasonableness of the factual inquiry depends upon factors such as the amount of time available for investigation, the source of the facts underlying the pleading or motion, and the complexity of the facts. *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991). With regard to legal issues, the Court may consider the complexity of the legal issues and the plausibility of the argument. *Id.* at 1514. Ultimately, "if the attorney/party did not make a 'reasonable inquiry,' then the Court *must* impose sanctions – despite the attorney/party's good faith belief that the claims were sound." *Id.* (emphasis added).

Plaintiffs' counsel had ample time to discover and thoroughly research all legal issues surrounding the facts of this case. This Court finds that a reasonable inquiry by Plaintiff's counsel would have revealed that his claim against the Department was objectively frivolous as it was barred

by the Eleventh Amendment. As such, this court finds that the Plaintiff failed to use due diligence in conducting a reasonable inquiry into the legitimacy of his claims. Because Plaintiff's attorney failed to make a reasonable inquiry into the fairly straightforward and well-established legal issues surrounding this case, Rule 11 sanctions are appropriate.

Absent a showing that the State of Florida has waived its sovereign immunity and allowed the instant suit, this court lacks the necessary subject matter jurisdiction to hear this claim. As the State of Florida has in fact not waived their sovereign immunity in the instant case, this court finds that the claim made by Plaintiff is in violation of Rule 11 in that it offers no claim, defense, or other legal contention warranted by existing law or offers no nonfrivolous argument for the extension, modification, or reversal of the existing law or the establishment of new law. Fed. R. Civ. P. 11(b)(2).

### *IV. APPROPRIATE SANCTION*

"[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (Rule 11 sanctions were designed to "discourage dilatory or abusive practices and help to streamline the litigation process by lessening frivolous claims or defenses."). By filing and maintaining this action against the Department after being served notice of intent to file Rule 11 sanctions by the Department, Plaintiff's counsel exhibited conduct warranting Rule 11 sanctions. Specifically, the Complaint was not based on a legal theory warranted by existing law since Plaintiff's counsel failed to adequately research issues of immunity under the Eleventh Amendment.

"Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion . . . . The imposition of a monetary sanction is a particularly reasonable use of a court's discretion."

*Donaldson*, 819 F.2d at 1557 n.7. Furthermore, Rule 11 clearly provides for sanctions against attorneys ("shall impose upon the person who signed it . . . an appropriate sanction"). The Court finds the appropriate sanction is a reasonable allowance for attorneys fees incurred with respect to this motion, in the amount of $5,000.00; therefore, it is respectfully **RECOMMENDED** that the Department's Motion for Sanctions be **GRANTED** and the claims against the Department and Trooper Smith in his official capacity (not individual capacity) be **DISMISSED** and that Plaintiff's counsel be ordered to pay a monetary sanction of $5,000.00 to Defendant Department .

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 7, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy