# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NEAL EVERETT NICARRY,**

      **Plaintiff,**

-vs-                                                              **Case No.: 6:03-cv-87-Orl-28DAB**

**MICHAEL CANNADAY, DONALD
ESLINGER, LAWRENCE PIERRE SMITH,
DEPARTMENT OF HIGHWAY AND
MOTOR SAFETY**

      **Defendants.**

## ORDER

This case is before the Court on Defendant State of Florida, Department of Highway Safety and Motor Vehicles' Motion for Sanctions (Doc. No. 63) filed August 23, 2006. The United States Magistrate Judge has submitted a report recommending that the motion be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Therefore, it is **ORDERED** as follows:

1. That the Report and Recommendation filed December 7, 2006 (Doc. No. 95)[1] is **ADOPTED** and **CONFIRMED** and made a part of this Order.

---

[1] It is noted that the Report and Recommendation refers to the "Orange County" Sheriff on page 1 when it should read the "Seminole County" Sheriff.

      2.     Defendant State of Florida, Department of Highway Safety and Motor Vehicles' Motion for Sanctions is **GRANTED**.

      3.     The claims against the Defendants, State of Florida, Department of Highway Safety and Motor Vehicles and Lawrence Pierre Smith[2], are hereby **DISMISSED**[3].

      4.     Plaintiff's counsel is ordered to pay a monetary sanction of $5,000.00 to the Defendant State of Florida, Department of Highway Safety and Motor Vehicles within thirty (30) days from the date of this Order.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida this _18_ day of January, 2007.

                                                    JOHN ANTOON II
                                                  United States District Judge

---

[2] The Report and Recommendation recommends that the claims against Defendant Smith in his official capacity only be dismissed and not those in his individual capacity. The Court has reviewed the Complaint and it appears all claims by the Plaintiff against Defendant Smith are in his official capacity: ¶7: "At all times material hereto, Defendant, Smith, was a trooper of the Florida Highway Patrol"; ¶15: "Defendant, Smith, who was on patrol and was acting in the course and scope of his employment by the Florida Highway Patrol,. . ."; ¶30: "At the time of the above described actions, defendant Smith was a Florida Highway patrol trooper for The Department of Highway Safety and Motor Vehicles, acting within the course and scope of that employment"; ¶40: "At the time of the above-described actions Smith was a state of Florida Trooper working for the Department of Highway Safety and Motor Vehicles, acting within the scope of his employment"; ¶46: "Defendants, while acting under color of State law and by virtue of the authority vested in them by the State or its agencies, violated Plaintiff's constitutional rights". The only reference to Defendant Smith in his individual capacity is in the introductory paragraph; without more, this is insufficient to sustain claims against him in an individual capacity. Thus, all claims against Defendant Smith are dismissed.

[3] The Counts against Defendants Smith and State of Florida, Department of Highway Safety and Motor Vehicles are II, IV and V. Counts II and IV were previously dismissed (Doc. No. 22). Thus Count V is hereby dismissed against these Defendants.

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party